IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **LOIS MARIE OWEN, ET AL.** | * | **CIVIL ACTION NO. 07-1565** |
| **VERSUS** | * | **JUDGE JAMES** |
| **AVIS RENT-A-CAR SYSTEM LLC, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are a motion to dismiss or transfer for improper venue, (Doc. #27), filed by defendant, Mercury Insurance Company ("Mercury"), and a motion to transfer for improper venue, filed by defendant Avis Rent-A-Car Systems, Inc. ("Avis"). The plaintiffs, Lois Owen and Thurman Owen, oppose the motions. (Docs. #29, #44, #47). For reasons stated below, it is **RECOMMENDED** that Mercury's motion, (Doc. #27), be **GRANTED** and that the case be **TRANSFERRED to the Western District of Arkansas**. It is **FURTHER RECOMMENDED** that Avis's motion, (Doc. #25), be **DENIED AS MOOT**.[1]

BACKGROUND

Lois Owen alleges that she was injured in a one-automobile accident that occurred on November 6, 2006, in Ouachita County, Arkansas. After the accident, she received medical treatment in Arkansas and Louisiana. (Doc. #29). The plaintiffs[2] have filed suit against Louis

---

[1] Avis seeks a transfer based on virtually identical factual allegations and legal arguments as Mercury. Moreover, Avis similarly seeks transfer to the Western District of Arkansas. However, on June 17, 2008, the parties filed a notice of partial settlement, (Doc. #48), indicating that the plaintiffs have reached a settlement agreement with Avis. The settlement renders Avis's pending motion moot. Were this not the case, the undersigned would recommend granting Avis's motion as well.

[2] Thurman Owen is Lois Owen's husband. He alleges a loss of consortium claim.

Bailey (the driver of the vehicle), Mercury (Bailey's insurer), and Avis (the owner of the vehicle). Mercury alleged improper venue in its answer in November 2007, (Doc. #7), and filed the instant motion on May 12, 2008.

## LAW AND ANALYSIS

When suit has been filed in a district of improper venue, the court may "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C.S. § 1406. Where, as here, the suit is based solely on diversity of citizenship, the court looks to § 1391 to determine whether venue is proper. Section 1391 provides that the action

> may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, **(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred**, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

§ 1391(a) (emphasis added). "[T]he plaintiff has the burden of proving the district he chose is a district of proper venue." *Joseph v. Emmons*, No. 04-2843, 2005 U.S. Dist. LEXIS 5528, at *5 (E.D.La. Mar. 22, 2005); *accord Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-20 (E.D.La. 1995). Nonetheless, if the court decides the motion without a hearing, it should "accept uncontroverted facts contained in [the] plaintiff's complaint as true and resolve conflicts in the parties' affidavits in the plaintiff's favor." *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D.Tex. 2001) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).

Here, the relevant underlying facts are not in dispute. Similarly, the parties agree – and the facts support such a finding – that venue is not proper in this district under § 1391(a)(1). Consequently, the question presented to this court is whether "a substantial part of the events or

omissions giving rise" to the plaintiffs' claims occurred in this district. *See* § 1391(a).

The car accident that allegedly caused the plaintiffs' injuries occurred in Ouachita County, Arkansas, which is within the Western District of Arkansas. Thus, a substantial part of the events giving rise to the plaintiffs' claims occurred in that district and venue would be proper therein. *Fradella v. Skyview Aviation LLC*, No. 07-3800, 2008 U.S. Dist. LEXIS 7395, at *4 (E.D.La. Jan. 30, 2008). However, "it is now absolutely clear that there can be more than one district in which a substantial part of the events giving rise to the claim occurred." *Globe Glass & Mirror Co. v. Brown*, 888 F. Supp. 768 (E.D.La. 1995) (quoting 2 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3806 (1994 supp.)). "The court is not required . . . to locate the best venue for the action. Therefore, [the court] need only decide if the events that occurred in Louisiana giving rise to [the plaintiffs'] claims are sufficiently substantial to render venue proper in this forum." *Blanchard & Co. v. Spectrum Numismatics*, No. 93-2554, 1994 U.S. Dist. LEXIS 15369, at *13 (E.D.La. Oct. 26, 1994) (internal citations omitted).

The plaintiffs allege that Lois Owen received medical treatment in Louisiana after the accident. (Doc. #1, ¶ 3). Assuming that this allegation is true, it is still insufficient to make venue proper in this district. Notably, several courts in this circuit have rejected the argument that a plaintiff's receipt of medical treatment within a district, constitutes a substantial event giving rise to the plaintiff's personal injury claim. *See Labranche v. Embassy Suites, Inc.*, No. 97-3721, 1999 U.S. Dist. LEXIS 1495, at *3-4 (E.D.La. Feb. 3, 1999) ("Although plaintiff's medical treatment may indeed have contributed to his damages, it did not 'give rise' to his claim. Rather, the accident and alleged negligence of defendants 'gave rise' to plaintiff's claim."); *Fortenberry*, 903 F. Supp. at 1020-21; *Emmons*, 2005 U.S. Dist. LEXIS 5528, at *7-8. The

3

plaintiffs do not allege, for example, negligent treatment on the part of their health care providers; they are suing for damages resulting from the car accident which occurred outside this district. As Lois Owen's receipt of medical treatment in this district did not give rise to the plaintiffs' claims, it does not render venue proper in this district under § 1391(a)(2).

The plaintiffs argue that a defense likely to be raised in this case renders venue proper. The plaintiffs point to Avis's amended answer, (Doc. #38), in which Avis alleged that the plaintiffs' injuries were either caused by a third party or resulted from either preexisting or subsequent "injuries, illnesses, conditions or disease." (Doc. #38, ¶¶ 1-2). The plaintiffs contend that these allegations relate to an incident in which Lois Owen fell at her Louisiana home in December 2006. (Doc. #47). Even assuming that the fall occurred and that the defendant plans to use the fall as part of its defense, these facts do not render venue proper in this district. Nothing in the plaintiffs' pleadings, briefs, or affidavits indicates that Lois Owen's fall provides a basis for any of their claims in this case. Consequently, the fall – and its potential use as a defense – is not an event that "gives rise" to the plaintiffs' claims against Mercury. At most, it is an event giving rise to a defense, which, without more, is insufficient to render venue proper in this district. *See* § 1391(a).

The plaintiffs allege no other facts that plausibly support a finding of proper venue in this district. As a result, the undersigned recommends that – in the interest of justice and at the request of the parties – this case be transferred to the Western District of Arkansas.

## CONCLUSION

It is **RECOMMENDED** that Mercury's motion, (Doc. #27), be **GRANTED** and that the case be **TRANSFERRED to the Western District of Arkansas**. In addition, it is recommended that Avis's motion, (Doc. #25), be **DENIED AS MOOT**. Under the provisions of 28 U.S.C.

4

§636(b)(1)(c) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** this 18th day of June, 2008, in Monroe, Louisiana.

_/s/ Karen L. Hayes_
KAREN L. HAYES
U. S. MAGISTRATE JUDGE